UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**KELLY BODOH,**

                Petitioner,

  v.

                                              Case No. 03-CV-82

**DANIEL BERTRAND,**

                Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

On January 29, 2003, Kelly V. Bodoh ("Bodoh") filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Bodoh is a prisoner at the Green Bay Correctional Institute. He was incarcerated pursuant to a Wisconsin judgment of conviction, following a jury trial in Washington County Circuit Court. Bodoh is serving a life sentence, with the possibility of parole in forty years, for his conviction of first-degree intentional homicide. On January 30, 2003, the Honorable Rudolph T. Randa ordered the respondent to answer the petition after screening the petition pursuant to Rule 4, Rules Governing § 2254 Cases. And on February 23, 2003 upon consent of the parties to the exercise of jurisdiction by a United States Magistrate Judge, Judge Randa transferred the case to this court for all further proceedings, including the entry of final judgment. The respondent filed an answer on March 4, 2003. The petition is now ready for resolution.

Bodoh alleges he should receive relief on the grounds that: 1) trial counsel was ineffective when he conceded the only two elements of first-degree intentional homicide and failed to adequately investigate and present viable defenses; 2) counsel was ineffective in failing to properly explain the plea agreement to the petitioner and failing to seek specific performance of the plea agreement; and 3) petitioner suffered a violation of his due process rights when the judge did not properly advise him the agreement was merely a recommendation and did not adhere to the plea agreement.

In the respondent's answer, the respondent alleges that the Wisconsin Court of Appeals reasonably and correctly applied the *Strickland* standards in concluding that Bodoh received effective assistance of counsel. Additionally, the respondent argues that Bodoh's petition should be denied because the state court's actions in sentencing Bodoh to a sentence that exceeded the sentence recommendation in his plea agreement was not contrary to, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or was based upon an unreasonable determination of facts.

## I. ANALYSIS

A writ of habeas corpus may be granted with respect to claims adjudicated on the merits in state court if the state court decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254 (d)(2).

A state court decision is "contrary to Supreme Court precedent" if the state court arrives at a conclusion opposite to that reached by the [Supreme] Court on a question of law or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that reached by the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An "unreasonable application" of the Supreme Court precedent occurs when "the state court identifies the correct legal rule…but reasonably applies it to the facts of the

particular state prisoner's case" or if the state court either extends a legal principle from precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* At 407.

*Dixon v. Snyder*, 266 F.3d 693, 700 (7th Cir. 2001).

However, a determination of a factual issue made by a State court shall be presumed to be correct unless the applicant for a write of habeas corpus can prove otherwise by clear and convincing evidence. 28 U.S.C. § 2254 (e)(1)**.**

A.   **Ineffective Assistance of Trial Counsel**

Bodoh argues that he is entitled to habeas relief because his trial counsel was ineffective for conceding the only two elements of his crime, for failing to adequately investigate and present viable defenses and for inadequately explaining the plea agreement or objecting to its breach.

To establish an ineffective assistance of counsel claim, a petitioner must satisfy a two-pronged test. *United States v. Traeger*, 289 F.3d 461, 470 (7th Cir. 2002) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To satisfy the first prong, the petitioner must demonstrate that counsel's performance was so deficient, which means that the attorney's errors were so serious that the defendant was deprived of "counsel" within the meaning of the Sixth Amendment. *Id.* There are many considerations related to a determination of deficient performance. The degree of deference to be given to counsel's decision is important in determining whether an attorney was functioning as Constitutionally guaranteed counsel, and the reviewing court is to afford counsel's behavior a high degree of deference. *Strickland,* 466 U.S. at 689. Professionally, competent assistance encompasses a "wide range" of behaviors and "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* A court that is reviewing an attorney's professional

assistance must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id* at 690. To satisfy the second prong, the petitioner must show that the deficient performance prejudiced him. *Traeger,* 289 F.3d at 470. To establish prejudice, the defendant needs to demonstrate that there is a reasonable probability that the result of the proceeding would have been different if counsel had not been deficient. *Id.* However, a court does not need to consider the first prong of the *Strickland* test if it finds that the counsel's alleged deficiency did not prejudice the defendant. *Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003).

### 1. First-Degree Intentional Homicide

Bodoh contends that he deserves a new trial because his trial counsel was ineffective when he conceded both elements of first-degree intentional homicide in the opening and closing arguments. Bodoh argues that he in fact did not intend to kill Mr. Elsinger as is a required element of first-degree intentional homicide. Additionally, although his counsel was attempting to gain credibility with the jury, Bodoh argues his counsel really allowed the state to focus solely on defeating the provocation defense. Bodoh further argues that his counsel's errors in conceding the elements of first-degree intentional homicide were severe enough to entitle him to a new trial.

The respondent argues that "[e]ven if it appears, in hindsight, that another defense would have been more effective, the strategic decision will be upheld as long as it is founded on rationality of fact and law." *State v. Hubanks,* 173 Wis. 2d 1, 28, 496 N.W.2d 96 (Ct. App. 1992). Further, the respondent argues *Hubanks* recognized that counsel's strategy, to not loose credibility with the jury, might reasonably leave certain elements of the crime unchallenged. *Id.*

The appellate court found that conceding the two elements of the crime was consistent with counsel's strategy, theory of defense, evidence and defendant's own testimony. Furthermore, that

4

the concession did not rise to an admission of guilt and the post-conviction record demonstrates Bodoh did agree to the strategy, even though it was reluctantly.  The appellate court's conclusion is not contrary to, nor does it involve an unreasonable application of clearly established federal law. Federal law does not automatically assume deficient performance if counsel concedes critical elements of a crime during trial with or without the defendant's consent.  *Florida v. Nixon,* 543 U.S. 175, 125 S.Ct. 551, 561 (2004).  Regardless of counsel's "concession," Bodoh still retained all the rights of a defendant in a criminal trial in that the State was still required to present evidence establishing the essential elements of the crimes with which Bodoh was charged and the State's witnesses were subject to cross-examination and impeachment regarding such elements. By downplaying a challenge to the elements of the offense, Bodoh's counsel was able to highlight his defense on provocation, lesser offenses and other mitigating circumstances. *See. Id.*   Thus, this court cannot overrule the appellate court's findings that counsel's performance was not deficient because its rational is correctly rooted in federal law and a reasonable determination of the facts in light of state court evidence.

### 2. Adequate Defenses

Bodoh asserts that he is entitled to habeas relief because his counsel was ineffective for failure to adequately investigate and present viable defenses.  Bodoh claims homosexual panic, latent homosexuality, post-traumatic stress disorder, intoxication or a dissociative state could have been used as defenses.  In order for a defendant to prove deficient performance of counsel for failure to investigate, he must allege with specificity precisely what evidence the investigation would have revealed and how it would have altered the outcome of the trial. *State v. Leighton*, 2000 WI App 156, ¶38, 237 Wis. 2d 709, 616 N.W.2d 126. Bodoh must prove both that counsel's

performance was deficient and that counsel's error prejudiced the result. *Strickland,* 466 U.S. at 668. The performance is only deficient if unreasonable considering all the circumstances. *Id.*

The respondent argues that Bodoh cannot allege with specificity what further investigation would have revealed and how it would have altered the outcome of his case. *State v. Leighton*, 237 Wis.2d 709. Furthermore, Bodoh cannot simply assert which additional witnesses he would have called; he must assert the nature of their testimony, that it would have been admissible by the judge, believed by the jury and enough to alter the outcome of the trial. The respondent asserts that Bodoh has offered only speculation, which is inadequate.

The appellate court again found trial counsel's performance to not be deficient because Bodoh failed to convince the court that a new trial was likely to produce a different result. This conclusion is based in federal law and is not contrary to the determination of the facts in light of state court evidence; thus, the appellate court's decision will be upheld. 28 U.S.C. § 2254(d)(1), (e)(1). Bodoh fails to note the portion of the record that states his counsel did in fact ask a psychologist if there was any basis to believe that Bodoh had lost self-control from a psychological aspect at the time of the murder. (Brief of Plaintiff-Respondent, p. 4). The psychologist was not able to attach a psychological disorder to Bodoh's situation. Defense counsel is not required to engage in "expert shopping" until he finds a psychologist who is willing to support the defense. *State v. Oswald*, 232 Wis.2d 62, 101 (Ct. App. 1999). Bodoh's counsel therefore, did not prejudice the outcome of the case in concluding that there was a solid basis for the psychologist's conclusion.

Even though Bodoh's counsel did not look for another psychologist, the appellate court will be upheld in concluding that the petitioner was not prejudiced, whether or not his counsel's

performance was effective. Since the petitioner was unable to meet the second prong of the *Strickland* test, he is not entitled to habeas relief.

### 3. No Objection to Sentencing Process

Bodoh contends that his counsel erred in not objecting to the trial court's failure to abide by the sentencing agreement. To successfully argue a sentencing agreement was breached, Bodoh must prove by clear and convincing evidence a material breach in the sentencing agreement deprived him of a substantial and pertinent benefit for which he bargained. *State v. Smith,* 207 Wis. 2d 258, 272, 558 N.W.2d 379 (1997); *State v. Bangert,* 131 Wis. 2d 246, 289, 389 N.W.2d 12 (1986).

The State argues that in Wisconsin, the sentencing court is not bound or controlled by a sentencing agreement between the defendant and the state. *Wisconsin v. McQuay*, 452 N.W.2d 377, 382 (Wis. 1990). This was indicated in the sentencing agreement signed by Bodoh. (89:44-45). Therefore, an objection would be futile as no relief could remedy the objection. Additionally, although the sentencing agreement only allowed family members to testify and friends testified instead, Bodoh's counsel reasonably viewed this as an immaterial breach because the circuit court had authority to allow any person to speak at the hearing. *State v. Voss*, 205 Wis. 2d 586, 595-96, 556 N.W.2d 433 (Ct. App. 1996). Finally, Bodoh did not give up valuable rights in his bargain for the sentencing agreement, which is required for a material breach. He was already found guilty and did not give up any appeal or post-conviction motions. His agreement specifically states that it does not affect or prevent him from appealing his judgment. (Exhibit F at 120). Bodoh ran little to no risk in agreeing to the sentencing agreement and thus, the agreement does not constitute bargaining for substantial and pertinent benefits as is necessary to prove a

7

material breach in the sentencing agreement occurred. Therefore, Bodoh failed to prove the lack of objection by his counsel was deficient performance.

The appellate court agreed with the State's argument because Bodoh only made a passing reference to trial counsel's failure to object to specific performance of the agreement. That decision will be upheld because Bodoh made little more than the same passing reference in his brief in support of habeas relief and the State's above argument is founded in reasonable facts taken from the state court.

The appellate court correctly concluded that because there would not have been any benefit to an objection to Judge Schlaefer's sentence, Bodoh's trial counsel's performance was not constitutionally deficient. Consequently, Bodoh has failed to establish the first prong of the *Strickland* test. As a result, the court does not need to consider the prejudice prong and habeas relief cannot be granted. *Strickland*, 466 U.S. at 697.

### B. Sentence Exceeds Sentencing Agreement

Bodoh claims that he reasonably believed the trial court would comply with the sentencing agreement. Bodoh argues that he is entitled to habeas relief because Washington County Circuit Judge Schlaefer sentenced him to a term of imprisonment that exceeded the term recommended in the sentencing agreement which violates notions of fundamental fairness and his right to due process. He further contends the appellate court erred in concluding the trial court's acknowledgment of the agreement was merely approving its existence and not its terms.

Federal law and a reasonable interpretation of facts in light of the state court's evidence support the appellate court's conclusion; thus, its decision will be upheld. 28 U.S.C. § 2254 (d)(1), (e)(1). First, a voluntary and intelligent sentencing agreement by a defendant who has been advised by counsel cannot be collaterally attacked. *Mabry v. Johnson,* 1467 U.S. 504, 508 (1984).

8

Bodoh signed a written acknowledgment stating, "I have been further advised that the attached agreement, although approved by the Court, is not binding upon the Court and the Court is free to sentence me as it believes proper." (87; Brief of Plaintiff-Respondent, p. 35). The sentencing agreement, which was signed by Bodoh and his attorney, clearly indicates that Bodoh discussed the agreement with his attorney, that he was aware the court is not bound by a sentencing agreement and that the court has the discretion to sentence Bodoh to the maximum possible penalties permitted by statute. (89:44-45) Furthermore, during the *Machner* hearing, his trial counsel testified that he explained to Bodoh the court could sentence him as it saw fit, even though the court had approved the agreement. (89:44-46, 60-61). Thus, the sentencing agreement was voluntarily and intelligently entered into and cannot be collaterally attacked.

Moreover, nowhere in the sentencing agreement does it say a certain sentence will be imposed. The agreement merely limits the prosecution's arguments during sentencing, and the agreement was materially followed in that respect; only an immaterial breach occurred when friends testified instead of family. The trial court retains discretion in sentencing defendants and its approval of the sentencing agreement was nothing more than an acknowledgment of its existence and thus, no violation of federal or state law occurred when Judge Schlaefer sentenced Bodoh to a term longer than contemplated in the sentencing agreement.

## II. CONCLUSION

Because the appellate court properly applied federal law and did not base its determination on an unreasonable determination of facts in light of state court evidence, Bodoh cannot be granted habeas relief. Bodoh cannot establish that his attorney was ineffective for conceding the two elements of first-degree intentional homicide, for not providing alternative defenses, or for failing to object to his sentence, which exceeded the sentence recommended in the plea agreement, and he

9

cannot prove the state was in error for ordering the extended sentence; therefore, no relief can be granted.

**IT IS THEREFORE ORDERED** that Kelly V. Bodoh's petition for a writ of habeas corpus is **denied** and judgment will be entered dismissing this action.

Dated at Milwaukee, Wisconsin, this 12th day of December, 2005.

s/AARON E. GOODSTEIN  
United States Magistrate Judge