# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KELLY BODOH,**

    Petitioner,

  v.                                       Case No. 03-C-82

**DANIEL BERTRAND,**

    Respondent.

### ORDER DENYING THE PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY

On December 12, 2005, the court dismissed Bodoh's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Bodoh has filed a notice of appeal and the motion for a certificate of appealability that is required pursuant to 28 U.S.C. § 2253 and Federal Rule of Appellate Procedure 22(b).

To obtain a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Bodoh seeks a certificate of appealability, claiming that the court erred in finding no merit to the three grounds for relief set forth in his petition: (1) ineffective assistance of trial counsel for conceding both elements of intentional homicide; (2) ineffective assistance of counsel for inadequately investigating defenses based on intoxication and adequate provocation; and (3) ineffective assistance

of trial counsel for not requesting specific performance of the post-trial sentencing agreement and for not objecting to testimony by certain witnesses at Bodoh's sentencing. In the opinion of this court, reasonable jurists could not find its assessment of these claims debatable or wrong. Each claim is discussed below.

## I. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR CONCEDING BOTH ELEMENTS OF INTENTIONAL HOMICIDE

In his petition, Bodoh argued that his trial counsel provided ineffective assistance by conceding both both elements of the intentional homicide, in order to gain credibility with the jury and focus on a provocation defense. According to Bodoh, this strategy had the practical effect of entering a guilty plea to the charged offense because it left no element of the crime in dispute. Thus, Bodoh claimed that the strategy was improper and should not have been undertaken without creating a record of his consent and understanding of the consequences of that strategy.

The Wisconsin Court of Appeals concluded that trial counsel's strategy did not amount to a guilty plea and, thus, did not require a record of Bodoh's consent and understanding. In addition, the Court of Appeals found that the post-conviction record demonstrated Bodoh's agreement to the strategy and that conceding cause and intent was consistent with trial counsel's strategy, theory of the defense, and Bodoh's own testimony. For these reasons, the Court of Appeals concluded that the defense strategy was not erroneous or deficient, such that Bodoh was not entitled to relief on his ineffective assistance claim.

This court found the Wisconsin Court of Appeals decision to be rational, correctly rooted in federal law, and the result of a reasonable determination of the facts in light of the evidence. (Order on Pet. at 5.). In doing so, the court cited <u>Florida v. Nixon</u>, 543 U.S. 175, 125 S.Ct. 551 (2004).

2

Bodoh says that this court's reliance on Nixon was in error and that an evidentiary hearing should have been conducted to determine whether Bodoh was advised of, understood, and consented to the strategy that his trial counsel employed. According to Bodoh, the issue presented in Nixon was whether failure to obtain consent before conceding elements of the charged offense was *per se* a violation of the Sixth and Fourteenth Amendments. (Bodoh Br. at 7.). In deciding this issue, Bodoh says that the Nixon court's holding was a narrow one—courts addressing claims based on a concession of the elements of the charged offense must apply the general standards for ineffective assistance of counsel set forth in Strickland v. Washington. No per se presumption should be used.

This is precisely the point that this court made when it relied upon Nixon. This court stated: "Federal law does not automatically assume deficient performance if counsel concedes critical elements of a crime during trial with or without the defendant's consent." In other words, the per se presumption asserted in Bodoh's petition does not apply. Then, just as in Nixon, this court reasoned that trial counsel's strategy was not erroneous. As explained by this court, Bodoh retained all the rights of a defendant in a criminal trial—the State was required to present evidence establishing the essential elements of the charged offense and the State's witnesses were subject to cross-examination and impeachment. By downplaying a challenge to the elements of the offense, Bodoh's counsel was able to highlight his defense on provocation, lesser offenses, and other mitigating circumstances.

There is no basis to conclude that the reasonable jurists would find this assessment of Bodoh's claim debatable or wrong. In some cases, defense counsel find themselves faced with substantial evidence that their client committed the charged offense. A reasonable defense that considers the defendant's best interests in such cases may not always be one that attempts to persuade the jury that the defendant is not guilty. In this case, Bodoh's trial counsel believed that Bodoh's interests would

3

be best served by conceding his guilt and arguing that Bodoh was provoked. Bodoh, notably, does not assert his innocence, argue that the state's evidence was minimal, or claim that the strategy was a surprise to him. In addition, there is no basis for Bodoh's claim that the court misinterpreted the holding of Nixon. Accordingly, Bodoh's motion for a certificate of appealability as to this claim will be denied.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL FOR INADEQUATELY INVESTIGATING INTOXICATION AND ADEQUATE PROVOCATION DEFENSES

Bodoh also asserts that reasonable jurists could debate this court's assessment of the second issue raised in his petition, which was that Bodoh's trial counsel should have made more of an effort to investigate defenses based on intoxication and adequate provocation. Specifically, Bodoh says that trial counsel should have requested a psychologist or other expert to conduct psychosexual and Alcohol and Other Drug Abuse ("AODA") evaluations, should have further researched a number of psychological disorders, and should have consulted additional experts. (Bodoh Br. at 13, 14.). In addition, Bodoh says that this court and the state courts improperly rejected his ineffective assistance of counsel claim without reaching the prejudice prong of the Strickland test. (Id. at 14.).

Reasonable jurists clearly could not dispute the merits of Bodoh's second claim because it is well established that the court need not consider both prongs of the Strickland test if one is not satisfied. Moreover, contrary to what Bodoh asserts, this court ***did*** address whether Bodoh established prejudice. Although the court's reasoning also supports the conclusion that Bodoh's counsel did not act deficiently, the following passage from the court's decision addresses the prejudice prong of Strickland explicitly:

> Even though Bodoh's counsel did not look for another psychologist, the appellate court
> will be upheld in concluding that the petitioner was not prejudiced, whether or not his

4

> counsel's performance was effective. Since the petitioner was unable to meet the
> second prong of the <u>Strickland</u> test, he is not entitled to habeas relief.

(Order on Pet. at 6-7.). Moreover, Bodoh has not presented specific evidence that the psychologist consulted by trial counsel gave an incorrect evaluation of his mental status; that the evaluation was obviously wrong and should have been identified as such by trial counsel; or that favorable, material evidence would have been obtained had his trial counsel disregarded the psychologist's evaluation and insisted upon additional testing. For these reasons, motion for a certificate of appealability will be denied as to this issue.

### III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR NOT OBJECTING TO TESTIMONY AT SENTENCING AND FOR NOT REQUESTING SPECIFIC PERFORMANCE OF THE POST-TRIAL SENTENCING AGREEMENT

The final issue in Bodoh's motion for a certificate of appealability is whether reasonable jurists could find the court's conclusion debatable or wrong with respect to claims involving adherence to the terms of Bodoh's sentencing agreement. Two parts of the sentencing agreement are at issue: (1) the provision that only certain witnesses testify at Bodoh's sentencing hearing and (2) the trial court's signature on the agreement. Bodoh says that trial counsel's failure to object when witnesses not specified in the agreement testified at his sentencing constituted ineffective assistance of trial counsel. In addition, Bodoh says that the court's signature on the sentencing agreement led him to believe that the recommended sentence was approved by the court and not subject to change.

With respect to both of these issues, Bodoh simply reargues the position he originally set forth in his petition. Bodoh is required to do more than restate what he believes are the merits to his petition. Rather, Bodoh must specifically address the court's decision and indicate what, out of that holding, could be debated by reasonable jurists. For example, Bodoh would have to present the court

5

with relevant cases in which the courts came to contrary conclusions in similar situations. Bodoh has not done so.

Moreover, Bodoh fails to address this court's discussion of the provision of the sentencing agreement in which he acknowledges that the agreement does not bind the court. Similarly, Bodoh gives no particular reason to doubt the testimony of his trial counsel, who said that he explained the sentencing agreement to Bodoh and, in doing so, told Bodoh that the agreement was not binding on the court. Thus, Bodoh has not demonstrated that reasonable jurists could debate whether his alleged belief that the agreement was conclusive was unfounded or that this court's decision was erroneous. Furthermore, reasonable jurists could not debate this court's conclusion that an objection to witness testimony would have been overruled or that a request for sentencing pursuant to the plea agreement would have been rejected. The court retains absolute discretion as to sentencing, regardless of the plea agreement. Accordingly, the certificate of appealability will be denied with respect to this issue.

For all of the reasons discussed, the court now enters the following order on Bodoh's motion for a certificate of appealability:

**IT IS THEREFORE ORDERED** that the Bodoh's request for a certificate of appealability is **denied**.

Dated at Milwaukee, Wisconsin, this 30thday of January, 2006.

s/AARON E. GOODSTEIN
United States Magistrate Judge